13-4506-cv
McGill v. Univ. of Rochester, Macdonald

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                          *Circuit Judges*.

_____

KATHERINE McGILL,

                          *Plaintiff-Appellant*,

          v.                                              13-4506-cv

THE UNIVERSITY OF ROCHESTER, KAREN MACDONALD,

                          *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Deano C. Ware, Deano C. Ware, P.C., Redford, MI.

Appearing for Appellees:     Sarah S. Merkel, The Wolford Law Firm LLP, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

---

[1] The Clerk of Court is directed to amend the caption as above.

Plaintiff-appellant Katherine McGill appeals from the November 8, 2013[2] decision and order of the United States District Court for the Western District of New York (Siragusa, *J.*) granting summary judgement to the University of Rochester and Karen Macdonald (collectively "defendants") as to McGill's claims of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §§ 1981, 1981a (collectively "Section 1981"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing a motion for summary judgment, "[c]onclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (alteration and quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

We analyze Title VII, Section 1981, and NYSHRL discrimination claims under the same burden shifting framework as first set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (analyzing Title VII and § 1981 claim for racial discrimination under *McDonnell Douglas* framework); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (holding that *McDonnell Douglas* applies to racial discrimination claims brought under the NYSHRL).

Under the *McDonnell Douglas* framework, a "plaintiff bears the initial burden of establishing a prima facie case of discrimination." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). To establish a prima facie case of discriminatory discharge, "a plaintiff must show that (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz*, 609 F.3d at 491–92.

Once a plaintiff meets this initial burden, "the burden shifts to the defendant to articulate 'some legitimate, non-discriminatory reason' for its action." *Holcomb* 521 F.3d at 138 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant does so, "the burden then shifts back to

---

[2] McGill's notice of appeal purports to challenge the District Court's decision of October 25, 2013, the date on which the District Court orally granted defendants' motion for summary judgment; however, judgment was entered on November 8, 2013. Despite this technical defect in the notice of appeal, we conclude that we have jurisdiction to review the November 8, 2013 judgment as McGill's intent to appeal is clear and defendants do not argue that they were prejudiced or surprised by any defect in McGill's notice of appeal. *See Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54–55 (2d Cir. 2004).

2

the plaintiff to show that the employer's explanation is a pretext for race discrimination . . . ." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). "[T]he employee's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." *Id.* (internal quotation marks and alterations omitted).

While the district court's spare analysis of McGill's Title VII, Section 1981, and NYSHRL claims failed to articulate clearly whether she faltered at the first or third of the *McDonnell Douglas* steps, we conclude that the district court did not err in dismissing these claims. Assuming, arguendo, that McGill established a prima facie case of employment discrimination, defendants proffered legitimate, nondiscriminatory reasons for the adverse employment action taken against her. Upon de novo review of the record, we find that McGill failed to offer sufficient evidence to permit a reasonable trier of fact to conclude that defendants' legitimate, nondiscriminatory reasons for the treatment and ultimate termination of McGill were in fact a mere pretext for discrimination. Aside from McGill's conclusory and sometimes contradictory allegations, she failed to present competent evidence that her supervisor or trainers did anything that suggests that their decisions were tainted with discriminatory animus.[3] *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (requiring that a plaintiff produce something more "than conclusory allegations"). A rational trier of fact presented with this evidence could not infer that defendants' explanations were "false, and that discrimination was the real reason" for McGill's dismissal. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis omitted).

We conclude that, even when the record is viewed in the light most favorable to the plaintiff, no reasonable trier of fact could find that the detailed and consistent concerns with McGill's work performance were merely a pretext for racially motivated adverse employment actions. *See Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 125–26 (2d Cir. 2008) (upholding summary judgment given overwhelming evidence that termination was for non-discriminatory reason).

We have considered the remainder of McGill's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] To the extent that McGill herself attested that burdens were imposed on her that were not imposed on her similarly situated white colleagues, McGill was not a competent witness as she failed to show knowledge of what burdens were or were not imposed on other employees.